IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES HICKS, )<br>AIS #246241, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>ALEXANDER CITY COMMUNITY )<br>BASED FACILITY et al., )<br>  )<br>  Defendants. ) | CASE NO. 3:07-CV-726-WKW<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Charles Hicks ["Hicks"], a state inmate and frequent litigant in this court, complains that "someone" at the Alexander City Community Based Facility has on three separate occasions "opened and read [his] legal mail" outside his presence. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Hicks names the Alexander City Based Community Based Facility and Glenn Newton, the warden of such facility, as defendants in this cause of action. Hicks seeks monetary damages and criminal prosecution of "whoever [is] doing this." *Id*. at 4.[1]

Upon review of the factual allegations presented in the complaint, the court concludes

---

[1] Although Hicks also seeks his freedom from incarceration, a civil action filed pursuant to 42 U.S.C. § 1983 is not the proper mechanism within which to challenge the constitutionality of confinement as "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks ... speedier release....." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973).").

that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## DISCUSSION

### A. The Alexander City Community Based Facility

A state prison facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Alexander City Community Based Facility are due to be summarily dismissed. *Id.*

### B. Warden Glenn Newton

Hicks complains that "someone" unknown to him improperly opened three envelopes containing legal mail. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Hicks asserts that after the last incident he advised warden Newton of these incidents and "showed [him] the letters ...." *Id.* at 3. The law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir.2005) (In establishing liability under § 1983, a prisoner cannot rely on theories of vicarious liability or respondeat superior.). Thus, defendant Newton is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Hicks does not allege that defendant Newton personally participated in opening his legal mail. Moreover, he fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by defendant Newton and the alleged deprivation. Instead, Hicks concedes that whoever opened his legal mail did so in violation of standard procedure because "they are not suppose to open legal mail without an inmate standing there." *Plaintiff's Complaint - Court Doc. No. 1* at 3.[3] A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006). Consequently, the court concludes that the claims lodged against defendant Newton lack an

---

[3]Hicks is correct in his recitation of the correctional policy governing incoming legal mail as the relevant administrative regulation advises that "[a]ll [incoming] legal mail will be opened and inspected in the presence of the inmate." *Alabama Department of Corrections Administrative Regulation No. 448, Section V, ¶ D(2)*.

arguable basis in law and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Criminal Prosecution

Hicks requests that criminal charges be initiated against those persons responsible for opening his legal mail and that they be arrested for their actions. This claim entitles Hicks to no relief as a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Thus, Hicks has no constitutionally protected interest in the arrest or criminal prosecution of the persons who opened his legal mail and his request for such relief is due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process upon application of the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before August 30, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of August, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE